IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **TERRY ALLEN KING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 1:12-6252 |
| | ) | |
| **SARGENT CANTRAIL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' "Motion to Compel Plaintiff's Discovery Responses and Executed Authorizations for Release of Incarceration Records and Medical and Billing Records" (Document No. 30.), filed on January 13, 2014. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Defendants' Motion (Document No. 30.) should be granted.

**PROCEDURAL BACKGROUND**

Plaintiff filed a Complaint on October 5, 2012, naming the following as defendants: (1) Sergeant Cantrail; (2) Counselor Perry; (3) Warden Bellford; and (4) Assistant Warden Dengus. (Document No. 2.) Plaintiff alleges that Defendants used excessive force following Plaintiff's escape attempt from Stevens Correctional Center on November 4, 2011. (Id.) Specifically, Plaintiff states as follows:

> At around 10:30 a.m., I cut the fence and fled. I ran across U.S. Route 52 (AKA Virginia Ave) and waded across the Elkhorn Creek. I went up and across the railroad tracks. I entered into the woods. The Steven Centers Correctional officers were chasing me and the Warden was yelling at me. He hollered for me to "stop." Mrs. Howell, Counselor, walked up in the woods and told me to stop. I stopped at her direction. She yelled at the officers to come over there. Officer Gilerd came over and told me to put my hands behind my back and I did. He put handcuffs on me with my hands behind my back. At no time did I resist or threaten staff. CO Gilerd and

Mrs. Howell walked me down the side of the mountain. It was approximately 10:45 a.m. at that time, Counselor Perry came across the railroad tracks screaming at me. He said, "get the f**k down on the ground, you asshole." As I was slowing, getting down, Counselor Perry slammed me, face first, into the railroad tracks causing sharp pain to my face and shoulders. Mr. Perry did not have any leg irons, so he put another set of handcuffs on my ankles. My ankles were too thick so he forced them into my flesh. This inflicted unending, excruciating pain. I asked him to loosen them. He refused, and cursed me.

    Officer Gilerd and Mrs. Howell left the scene as I lay on the ground in severe pain. After they left, Mr. Perry stomped my head numerous times off the railroad tracks. Then he got on top of me and started punching me repeatedly in the back and when he got done, he put his knees in my back . . .. Then Sgt. Cantrail came walking down the railroad tracks. When he got close within range of me, kicked me in the head several times saying "man that f**kin feels good." When Sgt. Cantrail got done kicking me, he and Mr. Perry dragged me under a train by my ears, hair and neck and I was handcuffed behind the back and my ankles were handcuffed together. If the train had moved, I would have been cut in half. When they got me on the other side of the train, Mr. Perry and Sgt. Cantrail dragged me down the railroad tracks about a quarter mile causing lacerations to my knees and bruising up and down my legs. After they dragged me down the tracks, Mr. Perry and Sgt. Cantrail threw me in the back of a black Jeep Liberty and Sgt. Cantrail got on top of me and put his knees in my neck to hold me down causing sharp pain to my neck and brain.

    When they got me back to Stevens Center, Mr. Perry and Sgt. Cantrail threw me out of the back of the Jeep on to the asphalt causing me to violently bust the right side of my face. They picked me up, both Mr. Perry and Sgt. Cantrail, by my shoulders and dragged me in the back door to medical causing sharp pain to run through my shoulders, neck, and ankles. When Mr. Perry and Sgt. Cantrail got me into medical, they threw me face down on the ground and busted my left eye open. Making a laceration about two inches deep and two inches long and they left me laying in a puddle of my own blood and it was approx. 11:30 a.m. As I was laying in a puddle of blood, Warden Bellford and Assistant Warden Dengus came into the medical unit and Sgt. Cantrail addressed both Wardens saying in a situation like this we can use blunt force right? Both Bellford and Dengus, in unison, answered "that is right." Then they departed from medical. After both the wardens left medical, the Stevens Centers' mail lady, Mrs. Curtis, came in medical and took photographs of my body, face, and legs, which were bruised, lacerated, beaten, and pouring the blood. Also, the puddle of blood on the floor. After the mail lady, Mrs. Curtis, was done taking photos, Sgt. Cantrail slammed me back down, face first, on the floor in the same puddle of blood from the first time causing more pain to my head and face. Counselor Perry and Sgt. Cantrail picked me up and sat me down on the medical table and Counselor Perry told the nurse to look in my medical file to see if I have HIV, violating my medical rights. After they checked my file, Counselor Perry and Sgt. Cantrail grabbed me by my shoulders and dragged me to the holding cell in the medical unit and slammed me on the ground face first and Sgt. Cantrail put his knees

>in the back of my neck causing sharp pain from my neck to my feet. Also, Counselor Perry stood on my ankles causing, unending, excruciating pain and the handcuffs cut into my flesh and my achilles tendon tear.

(Id., pp. 8 - 10.) As a result of the foregoing, Plaintiff alleges that he suffers from dizziness, blurred vision, double vision, migraine headaches, knots in the left side of his neck, jaws lock up and pop, ankles swell up and pop, lungs and kidneys shoot sharp pain through my whole body, collar bone and shoulders crack and pop, eyes have sharp pain that shoots through them, upper back goes numb, scars above my eyes, and knees pop and come out of place. (Id., p. 10.) Plaintiff requests monetary and injunctive relief. (Id., p. 5.)

By Order entered on November 6, 2012, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed to Clerk to serve the Summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 5.) On November 7, 2012, the Clerk's Office mailed a Summons and Complaint by certified mail/return receipt requested to Defendants Sergeant Cantrail, Counselor Perry, Warden Bellford, and Assistant Warden Dengus. (Document No. 6.) On November 16, 2012, the Summonses were returned unexecuted for Defendants Cantrail, Perry, and Bellford. (Document No. 9.) On November 26, 2012, the Summons was returned unexecuted for Defendant Dengus.[1] (Document No. 11.) By Order entered August 21, 2013, the undersigned noted that Plaintiff indicated in his Complaint that Defendants were employed at Stevens Correctional Center and ordered the Clerk to reissue process. (Document No. 14.) The Clerk issued the Summonses. (Document No. 15.) The Summonses were returned executed on

---

[1] The Court notes that the certified mail was addressed to each Defendant at Mount Olive Correctional Center, One Mountainside Way, Mt. Olive WV 25185. (Document Nos. 9 and 11.) The mail, however, was returned as undeliverable with the notation that of "no such addressee, return to sender, unable to forward." (*Id.*)

3

August 26, 2013. (Document No. 17.) Defendants filed their Answer on September 11, 2013. (Document No. 20.) By Scheduling Order filed on September 12, 2013, the Court required that all discovery requests be completed by January 13, 2014, and all dispositive motions be filed by February 17, 2014. (Document No. 21.)

On January 13, 2014, Defendants filed their "Motion to Compel Plaintiff's Discovery Responses and Executed Authorizations for Release of Incarceration Records and Medical and Billing Records." (Document No. 30.) In support, Defendants explained that by correspondence dated September 19, 2013, Defendants enclosed the following for Plaintiff's review and execution: (1) An "Agreed Order for Release of Incarceration Record;" (2) A "HIPAA Compliant Medical Authorization for Release of Psychotherapy Record;" and (3) An "Authorization for Release of Incarceration Records" for Mount Olive Correctional Complex and Stevens Correctional Center. (Id., p. 2.) Defendants argue that they are "entitled to discovery of and release of production of Plaintiff's incarceration records and medical and billing records for treatment he may have receive while incarcerated as such are relevant to his damages claim." (Id.) Plaintiff allegedly responded by correspondence dated September 27, 2013, stating that the requests were "too broad" and "not needed for this specific litigation." (Id.) Plaintiff requested that Defendants narrow the requests. (Id.) Defendants responded by correspondence dated October 22, 2013, advising Plaintiff that Defendants believed their "requests are properly within the scope of discovery as Defendants are entitled to the discovery of and release and production of Plaintiff's incarceration records and medical and billing records for treatment he may have received while incarcerated as such are relevant to Plaintiff's damages claim for personal injuries and pain and suffering." (Id., pp. 2 - 3.) Defendants state that "Plaintiff refused Defendants' two previous requests." (Id., p. 3.) Defendants note that Plaintiff "was

required to serve his answers and responses to Defendants' Interrogatories and Requests for Production of Documents by December 1, 2013" and "his responses to Defendants' Requests for Admissions by December 1, 2013, to avoid such matters being deemed admitted." (Id.) By correspondence dated December 9, 2013, Defendants "inquired as to the status of Plaintiff's discovery answers and responses, notifying Plaintiff of Defendants' intent to file a motion to compel if Plaintiff did not provide answers and responses by December 30, 2013." (Id.) Plaintiff allegedly responded by correspondence dated December 11, 2013, advising Defendants that an inmate legal aid "agreed to assist him and to expect the answers and responses to Defendants' discovery requests 'within days.'" (Id., pp. 3 - 4.) Defendants state that despite their "good faith effort at obtaining Plaintiff's discovery responses and executed release of incarceration records and medical and bill records, as of the date of the filing of this Motion, Plaintiff has not served discovery responses." (Id., p. 4.) Defendants, therefore, request that the Court enter an order compelling Plaintiff "to serve answers and responses to Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission and provide the requested executed authorizations for release of Plaintiff's incarceration records and medical and billing records within a reasonable time." (Id., p. 5.)

  As Exhibits, Defendants attach the following: (1) A copy a letter addressed to Plaintiff from defense counsel dated September 19, 2013 (Document No. 30-1, pp. 1 - 2.); (2) A copy of the "Agreed Order for Release of Incarceration Records" (Id., pp. 4 - 7.); (3) A copy of the "Authorization for Release of Incarceration Information" regarding Mount Olive Correctional Complex and Stevens Correctional Center (Id., pp. 8 and 10.); (4) A copy of the "HIPAA Complaint Medical Authorization for Release of Psychotherapy Records" regarding Mount Olive Correctional

5

Complex and Stevens Correctional Center (Id., pp. 9 and 11.); (5) A copy of a letter from Plaintiff addressed to defense counsel dated September 27, 2013 (Document No. 30-2.); (6) A copy of a letter from defense counsel addressed to Plaintiff dated October 22, 2013, and December 9, 2013 (Document Nos. 30-3 and 30-4.); and (7) A copy of a letter from Plaintiff addressed to defense counsel dated December 11, 2013 (Document No. 30-5.).

By Order entered on January 14, 2014, the undersigned directed Plaintiff to file a response to Defendants' Motion to Compel by January 27, 2014. (Document No. 31.) Plaintiff has failed to file a Response to the Motion.

## **STANDARD**

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

> Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or

might reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).)

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

> **(3)** *Answering Each Interrogatory.* Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.
> **(4)** *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
> **(5)** *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D.W.Va. 2005).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C)

7

provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. Sabol v. Brooks, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Pursuant to Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Federal Rule of Civil Procedure 36(a)(4) and

(5) provide as follows:

> **(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> **(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Additionally, Rule 36(a)(6) allows a party who has served a request for admission to move the court "to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed.R.Civ.P. 36(a)(6).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

9

      (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

      (iii)    other circumstances make an award of expenses unjust.

**(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

First, the Court will consider whether defense counsel made a good faith effort to resolve the discovery dispute before filing the Motion to Compel. The record reveals that defense counsel sent Plaintiff letters requesting that Plaintiff respond to discovery. In response to the first letter, Plaintiff stated that he believed the requests were "too broad" and requested that Defendant's narrow their requests. In Plaintiff's most recent response, Plaintiff appeared to request additional time to comply with Defendants' discovery requests. Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or Request for Production, the discovering party may move for an Order compelling the answer or production. See Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's Local Rules provide in greater detail that "each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest extent possible." See L. R. Civ. P. 37.1(b); also see Frontier-Kemper

10

Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 526 (S.D.W.Va. 2007)("[I]t is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel . . ."). Based on the foregoing, the Court finds that the parties never met and conferred in person or by telephone concerning the actual issues in dispute in an attempt to obtain the discovery material without Court action. Defendants merely sent letters requesting that Plaintiff respond to their discovery requests. There is no indication that the parties ever met and conferred regarding the heart of the discovery dispute. See Wilson v. Liberty Insurance Underwriters, Inc., 2008 WL 2074040 (S.D.W.Va. May 15, 2008)("If a party only requests additional time, and fails to raise the issue at the heart of the dispute, then the meeting and conference is a waste of time, paying only lipservice to the Rule's requirement.") Although defense counsel failed to meet and confer prior to filing the Motion, the Court finds that such failure does not result in the denial of the Motion to Compel. See Frontier-Kemper Constructors, Inc., 246 F.R.D. at 526("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and the Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees.") Accordingly, the undersigned will consider the merits of Defendants' Motion to Compel.

Based upon a review of the record, the Court notes that a Scheduled Order has been entered and the parties are entitled to conduct discovery. Specifically, the undersigned finds that Defendants properly submitted Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff. A review of the record reveals that Plaintiff has failed to file any response or objection to Defendants' Interrogatories, Requests for Production of Documents, or Requests for

Admissions. Additionally, Plaintiff has failed to executed authorizations for release of Plaintiff's incarceration records and medical and billing records. The undersigned notes that Plaintiff's incarceration records, including his medical and billing records, are relevant to the instant action wherein Plaintiff alleges that he suffered injuries as a result of Defendants' use of excessive force. Accordingly, it is hereby **ORDERED** that Defendants' Motion to Compel (Document No. 30.) is **GRANTED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge David A. Faber presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: February 19, 2014.

R. Clarke VanDervort
United States Magistrate Judge