IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| TERRY ALLEN KING, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:12-6252 |
| ) | |
| SARGENT CANTRELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' "Motion for Sanctions for Plaintiff's Failure to Comply with Order Compelling Discovery" (Document No. 37.), filed on April 1, 2014. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Defendants' Motion (Document No. 37.) should be denied.

## PROCEDURAL BACKGROUND

Plaintiff filed a Complaint on October 5, 2012, naming the following as defendants: (1) Sergeant Cantrell; (2) Counselor Perry; (3) Warden Belfiore; and (4) Assistant Warden Dingus. (Document No. 2.) Plaintiff alleges that Defendants used excessive force following Plaintiff's escape attempt from Stevens Correctional Center on November 4, 2011. (Id.)

By Order entered on November 6, 2012, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed to Clerk to serve the Summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 5.) On November 7, 2012, the Clerk's Office mailed a Summons and Complaint by certified mail/return receipt requested to Defendants Sergeant Cantrell, Counselor Perry, Warden Belfiore, and Assistant Warden Dingus. (Document No. 6.) On November 16, 2012, the Summonses were returned unexecuted for

Defendants Cantrell, Perry, and Belfiore. (Document No. 9.) On November 26, 2012, the Summons was returned unexecuted for Defendant Dingus.[1] (Document No. 11.) By Order entered August 21, 2013, the undersigned noted that Plaintiff indicated in his Complaint that Defendants were employed at Stevens Correctional Center and ordered the Clerk to reissue process. (Document No. 14.) The Clerk issued the Summonses. (Document No. 15.) The Summonses were returned executed on August 26, 2013. (Document No. 17.) Defendants filed their Answer on September 11, 2013. (Document No. 20.) By Scheduling Order filed on September 12, 2013, the Court required that all discovery requests be completed by January 13, 2014, and all dispositive motions be filed by February 17, 2014. (Document No. 21.)

On January 13, 2014, Defendants filed their "Motion to Compel Plaintiff's Discovery Responses and Executed Authorizations for Release of Incarceration Records and Medical and Billing Records." (Document No. 30.) Specifically, Defendants requested that the Court enter an order compelling Plaintiff "to serve answers and responses to Defendants' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission and provide the requested executed authorizations for release of Plaintiff's incarceration records and medical and billing records within a reasonable time." (Id., p. 5.) By Order entered on January 14, 2014, the undersigned directed Plaintiff to file a response to Defendants' Motion to Compel by January 27, 2014. (Document No. 31.) Plaintiff failed to file a Response to the Motion. By Order entered on February 19, 2014, the undersigned granted Defendants' Motion to Compel. (Document No. 34.)

---

[1] The Court notes that the certified mail was addressed to each Defendant at Mount Olive Correctional Center, One Mountainside Way, Mt. Olive WV 25185. (Document Nos. 9 and 11.) The mail, however, was returned as undeliverable with the notation that of "no such addressee, return to sender, unable to forward." (*Id.*)

Also on February 19, 2014, the undersigned granted Defendants' Motion to Modify Schedule Order allowing the parties until April 14, 2014, to complete discovery and until May 14, 2014, to file dispositive motions. (Document No. 35.)

On April 1, 2014, Defendants filed their Motion for Sanctions and Memorandum in Support. (Document Nos. 37 and 38.) In support, Defendants argue that Plaintiff failed "to comply with the Court's Order granting Defendants' Motion to Compel, ordering Plaintiff to serve discovery responses and executed authorizations for release of Plaintiff's incarceration records and medical and billing records." (Id.) Defendants argue that Plaintiff's "failure to comply with the Court's Order compelling him to serve discovery responses and executed authorizations for release of his incarceration records and medical and bill records has prejudiced Defendants as they have been denied discovery of information relevant to Plaintiff's damages claim as Plaintiff alleges that he suffered injuries as a result of Defendants' alleged use of excessive force." (Id.) As relief, Defendants request the following:

> [T]his Court to enter an order levying sanctions against Plaintiff, Terry Allen King, in the form of entering an order dismissing Plaintiff's Complaint in its entirety or, alternatively, entering an order directing that matters embraced in the Order to be taken as established in favor of Defendants for purposes of this action; prohibiting Plaintiff from supporting his claims or opposing Defendants' defenses or introducing designated matters in evidence; striking Plaintiff's Complaint in whole; staying further proceedings until Plaintiff complies with the Order; rendering default judgment against Plaintiff; and treating Plaintiff's failure to obey the Order as contempt of Court. Defendants request any and all such relief which this Court deems appropriate under the circumstances, including costs and attorney fees incurred in preparing and prosecuting this Motion.

(Id.) As Exhibits, Defendants attach the following: (1) A copy of letter from defense counsel addressed to Plaintiff dated March 17, 2014, inquiring as to the status of his discovery responses (Document No. 38-1.); and (2) A copy of letter from defense counsel addressed to Plaintiff dated

March 25, 2014. (Document No. 38-2.).

On April 10, 2014, Defendants filed a "Motion to Modify the Time Limits for Completing Discovery and Filing Dispositive Motions." (Document No. 40.) Specifically, Defendants requested that the Court enter "an order modifying the Order (ECF No. 35) by extending the time limits for completing discovery and filing dispositive motions." (Id.) In support, Defendants stated that "[o]n April 4, 2014, Plaintiff called undersigned defense counsel advising that he mailed his answers and responses to Defendants' discovery requests, and on April 8, 2014, defense counsel received the same." (Id.) By Order entered on April 11, 2014, the undersigned granted Defendants' Motion to Modify allowing the parties until June 16, 2014, to complete discovery and until July 16, 2014, to file dispositive motions. (Document No. 41.) On April 29, 2014, the undersigned entered an "Agreed Order for Release of Incarceration Records." (Document No. 43.) On July 14, 2014, Defendants filed their Motion for Summary Judgment and Memorandum in Support. (Document Nos. 44 and 45.)

## **ANALYSIS**

Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions, including those sanctions set forth in Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney "fails to obey a scheduling or other pretrial order." The Rule further provides:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Among the sanctions available under Rule 37(b)(2), the Court may prohibit the introduction of designated matters into evidence, strike pleadings, stay proceeding until the order is obeyed, dismiss the action, enter default judgment, or treat the failure to obey as contempt of court.

See Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). "The imposition of sanctions under Rule 37(b) is wholly within the trial court's discretion, but '[i]t is not . . . a discretion without bounds or limits.'" Carney v. KMart Corp., 176 F.R.D. 227 (S.D.W.Va. 1997) (quoting Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995). There is a four-part test in determining whether sanctions are warranted under Rule 37. "Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001); see also, Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998).

Applying the above four factors to the facts of the instant case, the Court finds that neither the sanctions under Rule 16(f) nor Rule 37 are warranted. First, there is no indication that Plaintiff acted in bad faith when failing to timely comply with the Court's Order dated February 19, 2014. Defendants admit that "[i]n an effort to confer with Plaintiff by telephone on March 24, 2014, Mount Olive Correctional Center personnel advised defense counsel that Plaintiff was transferred to Huttonsville Correctional Center on January 2, 2014, and paroled on February 26, 2014, which Plaintiff confirmed during telephone correspondence on March 24, 2014." (Document No. 40, p. 3.) Since Plaintiff was paroled seven days after the undersigned filed his Order granting Defendants' Motion to Compel, it is likely that there was a delay in Plaintiff's receipt of the undersigned's Order dated February 19, 2014. Although Plaintiff failed to provide his discovery responses by April 1, 2014, as agreed, Defendants did receive the requested information by April 8, 2014. (Document No. 40, p. 4.) Secondly, any prejudice Defendants suffered was minimal. Based upon Plaintiff's delayed response, this Court granted Defendants' Motion for Modification allowing the parties additional

time to conduct discovery and file dispositive motions. (Document No. 41.) Regarding the third and fourth factors, the Court notes that noncompliance with a Court's Order certainly needs to be deterred. It appears that Plaintiff served his discovery responses approximately seven days after the deadline set forth in the Court's Order. Plaintiff's alleged non-compliance, however, appears to be the result of a delayed or mis-communication due to his recent transfer and release from custody. It is hereby **ORDERED** that Plaintiff's Motion for Sanctions (Document No. 37.) is **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with United States District Judge David A. Faber. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to counsel of record and Plaintiff, who is acting *pro se*.

ENTER: October 24, 2014.

R. Clarke VanDervort
United States Magistrate Judge